IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| ERIC FEIT, | ) | CV 11-01-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BURLINGTON NORTHERN & | ) | |
| SANTA FE RAILROAD COMPANY, | ) | |
| KEITH KELLY, MONTANA | ) | |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I. Introduction

Before the Court are Eric Feit's ("Feit") motion to remand (dkt # 11) and the

State of Montana's Motion to Dismiss (dkt # 9). For the following reasons, Feit's

motion is denied and the State's motion is granted.

1

## II. Factual Background

Feit applied for employment with BNSF but did not receive a job offer. February 27, 2009, Feit filed an administrative complaint with the Montana Department of Labor and Industry. He charged BNSF of illegally discriminating against him because of a perceived disability (obesity) in violation of the Montana Human Rights Act.

March 10, 2010, a hearing examiner for the Department of Labor and Industry ruled in favor of Feit and then awarded relief against BNSF on August 5, 2010. BNSF appealed the order to the Montana Human Rights Commission. December 6, 2010 the Montana Human Rights Commission affirmed the order.

Feit filed in state district court a petition seeking enforcement of the award, a writ of mandate compelling Montana to impose criminal sanctions against BNSF, and a complaint against Montana seeking damages for failing to protect Feit from discrimination. Invoking diversity jurisdiction, BNSF removed the case to federal court.

## III. Analysis

### A. State Defendants' motion to dismiss

Both State Defendants and Feit agree Eleventh Amendment immunity makes federal court an improper forum for Feit's petition for mandamus and his

damages claims against Montana.  See U.S. Const. Amend. XI; Hans v. La., 134

U.S. 1 (1890).  State Defendants argue this Court should retain the enforcement

action and dismiss remaining claims against State Defendants.  Feit argues the

entire action should be remanded to state court.

A district court may not remand a case in its entirety where there is subject

matter jurisdiction over some claims in the action.  Lee v. Am. Natl. Ins. Co., 260

F.3d 997, 1004 (9th Cir. 2001) (holding lack of jurisdiction over claims against

one defendant did not destroy subject matter jurisdiction over case); Wis. Dept. of

Corrects. v. Schacht, 542 U.S. 381, 385 (1998) (Eleventh Amendment bar does not

destroy removal jurisdiction over remaining claims).

Remanding the case in its entirety is not appropriate if the court has

jurisdiction over Feit's petition for enforcement.  Accordingly, the Court turns to

Feit's arguments for remanding the enforcement action.

## B.    Indispensable Party

Characterizing the State as an indispensable party, Feit submits that the case

should be remanded pursuant to Federal Rule of Civil Procedure 19, which allows

a claim to be dismissed when a party that is required to be joined cannot be joined

in the case.  Fed. R. Civ. P. 19.  The Eleventh Amendment grants states immunity

from being sued in federal court.  If Montana is an indispensable party that cannot

3

be joined because of Eleventh Amendment immunity, even if the claims against the State are dismissed, Federal Rule of Civil Procedure 19 may advise that the court remand the petition for enforcement.

Feit makes multiple arguments that the State is indispensable in a petition for judicial review. Those arguments are not persuasive because this case does not involve a judicial review. Feit also argues the State has a substantial interest in enforcing a judgment against BNSF. According to Feit, the State's intervention in past cases supports the conclusion that it is indispensable here. Id. Because the Eleventh Amendment bars states from being sued in federal court, Feit contends the inability for Montana to be joined justifies remanding the case.

The State must be joined if in its absence, (1) the court cannot accord complete relief among existing parties, or (2) the State claims an interest relating to the subject of the action, and the State's interest will be impaired or an existing party risks incurring double, multiple, or inconsistent obligations because of the State's absence. See Fed. R. Civ. P. 19(1).

A general government interest in the welfare of its citizens does not make the state more than a nominal party. Dept. of Fair Empl. & Hous. v. Lucent Techs., Inc., 2007 WL 2947421, *4–*5 (N.D. Cal. 2007) (state agency that filed employment discrimination suit is a nominal party that does not destroy diversity

4

jurisdiction).  The purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the State, but the State cannot be a party in interest in all litigation.

Feit has not established that the State has more than a general interest in the welfare of its citizens.  The State's absence from the case will not impact the court's ability to accord appropriate relief.  It is up to the State to file an enforcement action pursuant to Montana Code Annotated § 49-2-508.

## C.  Abstention

Feit also argues the case should be dismissed or remanded in accordance with various abstention doctrines.  "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."  Quakenbush v. Allstate Ins., 517 U.S. 706, 716 (1996).  "Abstention from the exercise of federal jurisdiction is the exception, not the rule.''  Colo. River Water Conserv. Dist. v. U.S., 424 U.S. 800, 813 (1976).

The narrow circumstances that justify abstention do not exist here.  A petition for enforcement does not involve weighty federal questions that are difficult to separate from complex state law issues.  See Burford v. Sun Oil Co., 319 U.S. 315 (1943).  Exercising jurisdiction will not disrupt an interdependent state litigation scheme.  See Colo. River Water Conserv. Dist., 424 U.S. at 806.

Feit has not represented the petition raises a substantial federal issue that can be avoided by the resolution of state law.  See R.R. Commn. of Tex. v. Pullman Co., 312 U.S. 496 (1941).  Nor does a petition for enforcement raise concerns that justify Yonger abstention.  See Younger v. Harris, 401 U.S. 37 (1971).

## IV.  Conclusion

Remand of the petition for enforcement is not appropriate.  The State is not an indispensable party, and the petition does not present circumstances that justify abstention.  Furthermore, because the Court has jurisdiction over the petition for enforcement, the State has the better argument, and the Court will dismiss the claims against the State.  Therefore,

IT IS HEREBY ORDERED that the State Defendants' Motion to Dismiss (dkt # 9) is GRANTED.  The State is dismissed because it has Eleventh Amendment immunity.

IT IS FURTHER ORDERED that Feit's Motion to Remand (dkt # 11) is DENIED.

Dated this 25th day of April, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT